CHARITY ELLER

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield October 30, 1894.*

1. INSTRUCTIONS—*should be accurate when the evidence is conflicting.* Where the evidence relied on to convict is conflicting, and is unsatisfactory by reason of impeachment, the instructions must be accurate.

2. SAME—*circumstances affecting credibility of defendant.* An instruction that the jury may consider the "relationship, interest, temper, feeling," etc., of other witnesses in determining the weight to be given to the *defendant's* testimony, is erroneous.

3. SAME—*not based on evidence—taking facts from jury.* It is error to give instructions not based on the evidence, or which take material and disputed facts from the consideration of the jury.

WRIT OF ERROR to the Circuit Court of Hardin county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

Messrs. MORRIS & MOORE, for the plaintiff in error :

It is erroneous for the court to tell the jury what facts are proved and what are not. *Thompson* v. *Hovey*, 43 Ill. 198.

Instructions containing mere abstract legal propositions, without any evidence to support them, are misleading, and should not be given. *McNair* v. *Platt*, 46 Ill. 211; *Russell* v. *Minter*, 83 id. 150.

Mr. MAURICE T. MOLONEY, Attorney General, Mr. T. J. SCOFIELD, and Mr. M. L. NEWELL, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the court :

This was an indictment in the circuit court of Hardin county, against Charity Eller, *alias* Charity Brown, for arson. On a trial the jury found the defendant guilty, and fixed her term of imprisonment at one year in the penitentiary. The court overruled a motion for a new trial and in arrest of judgment, and entered judgment on the verdict. To reverse the judgment the defendant sued out this writ of error.

On the trial the People relied mainly on the testimony of one William Brown and Docia Cullom (or Docia Cogdill) to prove the defendant guilty of the crime charged in the indictment, and if these witnesses testified to the truth, there was evidence before the jury sufficient to authorize a conviction. But, as respects the witness Brown, it appears from his own admissions while a witness on the stand, that he had served a term of imprisonment in the penitentiary of Indiana, had been convicted of larceny in Hardin county, and when asked how many times he had been charged with burglary and larceny in Hardin county, answered, "all my life." Moreover, a large number of reputable citizens testified that they knew his general reputation for truth and veracity in the neighborhood where he resided, that it was bad, and they would not believe him under oath, and his reputation for truth and veracity was sustained by no witness. Under the evidence the witness was so completely impeached that no credit should have been given his evidence by an intelligent jury. As to the other witness, Docia Cullom, it was proven that she made so many statements out of court different from her evidence in court, on material matters, that but little credit could properly be attached to her evidence.

Aside from the evidence of the two witnesses named, the testimony to establish the guilt of defendant was

slight, and in order that the jury might arrive at a just and proper verdict it was very important that the instructions of the court should be accurate. At the request of the People the court gave a large number of instructions. Among others, the court gave Nos. 17, 20 and 22, as follows :

17. "The jury are instructed, that in determining the weight to be given to the testimony of the defendant in this case, the jury are authorized to consider the relationship of the witnesses to the defendant, if the same is proven; their interest, if any, in the event of the suit; their temper, feeling or fears, if any has been shown; their demeanor while testifying ; their apparent intelligence and their means of information; and to give such credit to the testimony of each witness as, under all the circumstances, such witness seems to be entitled to."

20. "The prosecution does not have to prove that the defendant had no permission or authority to burn the said house. If the defendant relies on authority from the owner to so burn said house mentioned in said indictment, it is her duty to show and prove the same."

22. "You should further take into consideration facts and circumstances proven by the evidence, as explained in these instructions, such as declarations, threats, efforts to conceal articles of bed clothing, pillow shams and oil cans, dresses, efforts to change the lining on facing of dresses. All of such facts have been so proven. Fear of being arrested, (if you believe, from the evidence afore-- said, she did then and there fear she would be arrested,) and take into consideration all such facts and circumstances as, in connection with all other facts and circumstances shown on trial, surrounding the case, in determining the guilt or innocence of the defendant."

The defendant was a witness in her own behalf, and by instruction No. 17 the jury were directed, that in determining the weight to be given to her testimony they were authorized to consider the relationship of the wit-

nesses to her, their interest in the event of the suit, their temper, feelings, etc. While the jury may properly consider the interest of a witness in the event of the suit, his feelings, his manner of testifying, and other like matters, in determining the degree of credit to be given to his evidence, yet the demeanor of other witnesses could not be considered in determining what credit should be given to the defendant herself, and hence the instruction was erroneous.

As we understand the record, the defendant did not claim she was authorized to burn the house. On the other hand, she absolutely denied that she had anything whatever to do with the burning. There was therefore no issue presented by the record which would authorize or justify instruction No. 20.

In the trial of a criminal case before a jury, the jury are the sole judges of what facts have been proven by the evidence, and the court has no right, in the instructions, to assume that certain facts have been proven. Whether the defendant had made threats to burn the property, or conceal bed clothing, oil cans, dresses, or any other article, was a question of fact, for the jury to determine from the evidence; and yet the court, by instruction No. 22, told the jury, in effect, that such facts had been proven. There was a conflict in the evidence in regard to those matters which the court directed the jury were proven, and if the jury had been left free to pass upon those questions of fact they might have found in favor of the defendant, and such finding, no doubt, would have resulted in a verdict for the defendant. But, whether that would have been the result or not, it was the right of the defendant to have the jury determine for themselves the facts which the evidence established, and it is plain that the instruction in question took that right away from the jury.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*